PORTLAND AND OGDENSBURG RAILROAD COMPANY, petitioners,
*vs.*
COUNTY COMMISSIONERS OF CUMBERLAND COUNTY.

*Certiorari—denied.*

The R. S. of 1857, c. 51, § 6, provided substantially that when a party failed to prosecute a petition for a revision of the land damages awarded by the county commissioners at the next regular term after the filing of the same, it should be dismissed, unless good cause for delay is shown. The determination of the county commissioners as to the sufficiency of the excuse offered for delay is not to be revised by this court by writ of *certiorari*, even though a warrant for a jury had issued before the order of dismissal was entered.

ON EXCEPTIONS.

PETITION for a writ of *certiorari* to bring up and quash the proceedings of the county commissioners relative to a petition of the Portland and Ogdensburg Railroad Company for a diminution of the damages awarded by the county commissioners to James Norton for his land taken for the use of said corporation, and in ordering the dismissal of such petition, as fully appears by the opinion.

The presiding justice refused *pro forma* to grant the writ of *certiorari*, and the petitioners therefor excepted.

*John O. Winship* for the petitioners.

After the railroad company had filed its petition for diminution, there was nothing more it could do until the commissioners issued their summons and had a jury empanelled—an act which the law devolved upon those officials, and which it was solely their duty to perform. Nine days after Mr. Norton's motion to dismiss our petition for a decrease was filed, a warrant for a jury was issued, which is evidence that the corporation was not in fault; yet the county commissioners assumed to recall that warrant, and to dismiss our petition.

*H. J. Swasey & Son* for the respondents.

Virgin, J.   At the regular session of the county commissioners for this county, begun on the first Tuesday of June, 1870, and by adjournment thereof held on the first Tuesday of August following, one James Norton filed his petition under R. S. of 1857, c. 51, § 5, praying for an estimation of his damages for land taken by the Portland & Ogdensburg Railroad Company.   The commissioners ordered notice thereon, returnable on September 22, following, when, after view and hearing, they awarded the said Norton seven hundred dollars, and made their report December 29, next succeeding.

At the next January term, the railroad company, in accordance with § 6, seasonably filed their petition for a decrease of damages, therein alleging that they were aggrieved by the commissioners' estimation, and praying that a jury be ordered.   This petition was entered at an adjournment of the January term, held on March 3, 1871, and thence continued to an adjournment of the June term, 1871, held on November 7, 1871, when the company filed a request that Norton be notified to appear and answer.   The petition was then continued from term to term to the June term, 1872, when notice to Norton was waived by his attorney; whereupon a warrant for a jury was ordered to issue, and C. A. Chaplin was appointed to preside, in accordance with c. 18, §§ 10 and 12.

On December 2, 1873, Norton filed a petition alleging that the railroad company had failed to prosecute their petition for decrease of damages, that there was no good cause for delay, and praying that their petition be dismissed.   Notice thereon was ordered and served the next day; and it was continued until the March term, 1874, when the commissioners ordered the company's petition for decrease to be dismissed for non-prosecution.

Prior to the last date, however, to wit, on December 11, 1873, and nine days after Norton filed his last named petition, the warrant for a jury and the commission to Chaplin (ordered at the June term, 1872) were issued, and in May following revoked, and the company's petition for decrease was dismissed.

These petitioners contend that the dismissal of their petition, on which a jury had been ordered and a warrant issued, is irregular, and that they have been thereby deprived of a statute remedy, without fault on their part.

R. S. of 1857, c. 51, § 6, provide, substantially, that when no petition for increase or decrease is filed within thirty days after notice of the award by the commissioners, the proceedings are to be closed. When such petition is seasonably filed, but the petitioner fails to prosecute it before the regular term or session of the commissioners holden next after said petition is filed, it is to be dismissed, and the proceedings closed, unless good cause for delay is shown.

In the case at bar, the petition was entered at the March term, 1871. If they had prosecuted it before the June term following, which was the next "regular session," they would have secured their statute remedy. After that time their petition was liable to be dismissed for unwarrantable delay in prosecuting. For some cause no warrant was ordered until more than a year after petition was entered, and none issued until eighteen months after it was ordered. The cause for delay is a matter for the commissioners to pass judgment on. They have passed upon that question, and have pronounced it not "good." We see no irregularity which will warrant us to grant the writ prayed for.

*Exceptions overruled.    Writ denied.*

APPLETON, C. J., WALTON, DICKERSON, BARROWS and PETERS, JJ., concurred.